## Land, Special Tax Collector of Fayette County, v. Kentucky Joint Stock Land Bank of Lexington.

June 20, 1939.

King Swope, Judge.

646

Samuel H. Cole, Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellant.

Hunt, Bush & Lisle for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

The Kentucky Joint Stock Land Bank of Lexington, hereinafter referred to as the bank, was organized and chartered in 1922 under an act of Congress known as the Federal Farm Loan Act (12 U. S. C. A. Sections 641-1021).

In 1937 the Board of Supervisors of Fayette County assessed against the bank the shares of its capital stock and such assessment was certified to the sheriff of Fayette county and tax bills thereon at the rate of 50 cents per hundred dollars for state purposes and 20 cents per hundred dollars for county purposes were retained by J. Porter Land, as special tax collector of Fayette County, under provisions of Section 4135, Kentucky Statutes, at the expiration of his term of office as sheriff on January 31, 1938.

The bank instituted this action alleging in substance that J. Porter Land, as special tax collector, was asserting claim against it for the tax bills made out under the assessment; that its shares of stock are not taxable for

state or county purposes except in the manner and under the authority granted in the Farm Loan Act which provides that its stock shall be taxable only in the manner and subject to the conditions and limitations contained in title 12, Section 548, U. S. C. A., which is Section 5219, Revised Statutes of the United States, and which relates to taxation of shares of national banks; that by Section 4092, Kentucky Statutes, provision had been made for taxation of shares of stock in state banks and trust companies and national banks doing business in Kentucky by the assessment of shares of stock of such banks against them as agent of their shareholders, but that the General Assembly had not passed any law providing for the assessment of shares of the Joint Stock Land Bank created under the Farm Loan Act, either in their own right or as agent of the shareholders; that it had never engaged in operation as a bank and does not receive deposits, make loans or extend credit except under the supervision and control of the Farm Credit Administration. It prayed that the tax bills against it be adjudged void and of no effect; that the defendant be enjoined from collection of the tax or any part thereof.

Defendant interposed a general demurrer to the petition which was overruled and upon his declining to further plead, plaintiff was granted all the relief sought and the defendant is appealing.

It is the contention of appellant that a joint stock land bank is a national bank and therefore its shares of stock are subject to taxation as provided in Section 4092, Kentucky Statutes. On the other hand it is the contention of appellee that it is not a national bank within the purport and meaning of section 4092 and therefore it is not subject to the provisions of that section; that because the General Assembly of Kentucky has made no provision for the assessment and taxation of its shares of capital stock under authority granted by Congress the attempted assessment and taxation of its shares is void.

Title 12, Section 548, U. S. C. A. (R. S. U. S., Section 5219) provides in part:

"The legislature of each State may determine and direct, subject to the provisions of this section, the manner and place of taxing all shares of national banking associations located within its limits."

Following that are four different methods by which taxes may be imposed, the first including tax on shares of such associations; and the section further forbids discrimination against national banks in methods of taxation.

Section 4019a-10, Kentucky Statutes, provides for the assessment of shares of stock of trust companies, state and national banks for taxation for state, county, city and town and taxing district purposes; and Section 4092 fixes the rate of taxation and provides that such banks shall pay the tax for and on behalf of the owners of the shares of stock. Neither section specifically refers to joint stock land banks because such institutions had not come into being at the time of their enactment.

Section 932, title 12, U. S. C. A. provides:

"Nothing herein shall prevent the shares in any joint stock land bank from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the State within which the bank is located; but such assessment and taxation shall be in manner and subject to the conditions and limitations contained in Section 548 of this title with reference to the shares of national banking associations."

Under Section 172 of our constitution all property not exempt from taxation by that instrument is subject to assessment for taxation and under Section 4020, Kentucky Statutes, all real estate and all personal property, tangible and intangible, unless exempted by the constitution is subject to taxation. It is not to be doubted that under these constitutional and statutory provisions the shares of stock of the joint stock land bank are subject to taxation unless exempted by our constitution or some act of Congress. Our Constitution has granted no such exemption and neither has Congress but on the other hand Congress has by the quoted section of the Federal Farm Loan Act specifically authorized such tax. Obviously in enacting Sections 4019a-10 and 4092, the legislature intended that they should apply to all banks doing business in this state created under the laws of the state or under acts of Congress and the contention of appellant that these sections are broad enough in their scope to include appellee is not without force or merit.

Furthermore, the section of the Federal Farm Loan

Act above quoted empowered assessing and taxing authorities to assess and tax the shares of any joint stock land bank in the same manner as shares in national banking associations are assessed and taxed and that was done in this instance.

We therefore unhesitatingly conclude that the chancellor erred in holding the assessment and tax bills to be void and in enjoining the collection of the tax.

Wherefore, the judgment is reversed for proceedings and judgment in conformity with this opinion.

Whole Court sitting.